IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MICHAEL DOSS,**

    **Plaintiff,**

v.                                            **No.:**

                                                  **JURY DEMAND**

**MEDTRONIC, INC.**

    **Defendant.**

## COMPLAINT

THE PLAINTIFF, **MICHAEL DOSS**, files this Complaint against the Defendant, **MEDTRONIC, INC.** He shows:

## I.
## PRELIMINARY STATEMENT

1. This case is brought under Title VII, 42 U.S.C. §1981; and the Tennessee Human Rights Act, Tenn. Code Ann. 4-21-101 *et. seq*. (THRA). As set forth more fully below, the bases for these claims is the racial discrimination against the Plaintiff in the termination of his employment with Defendant.

## II.
## PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is **Michael Doss**, a resident of Shelby County, Tennessee.

3. The Defendant, **MEDTRONIC, INC.**, is a foreign business (Minnesota) with a facility in Shelby County, Tennessee where it employed the Plaintiff.

4. This Court has subject matter jurisdiction for claims brought under Section 1981 and Title VII of the Civil Rights Act.  For his Title VII claim, Plaintiff has exhausted his administrative prerequisites by filing a charge with the EEOC, receiving a Right to Sue, and commencing this action within ninety days of his receipt of the Right to Sue. Additionally, this Court has diversity of citizenship jurisdiction because the controversy is between "citizens" of different states with an amount in controversy exceeding $75,000. 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, including the Tennessee Human Rights Act at Tenn. Code Ann. § 4-21-101 *et seq*.

5. Venue in this Western District of Tennessee is proper pursuant to 28 U.S.C. §1391, because the Defendant does business in this district or resides in this district, employed Plaintiff in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

### III.
### FACTUAL BASES FOR SUIT

6. Defendant employed Plaintiff as a Domestic Order Processor, Group Leader.

7. Plaintiff is black, married, and has a four year old child and a newborne.

8. In approximately early August of 2011, a white co-worker, who may have mental or emotional limitations, flew into a rage, cursing Plaintiff's race, calling him racially disparaging names (including "n_____"), and telling him to go back where he came from, and striking Plaintiff with a container.

9. Plaintiff complained of this race discrimination to his immediate manager, Nick Berezni.  Mr. Berezni asked whether Plaintiff wanted the matter pursued to the Human Resources level, to which Plaintiff responded, "yes, I do."  However, Plaintiff was never contacted by Human Resources.

10. In late August of 2011, the white co-worker again flew into a fit of rage, fomenting more racial obscenities at Plaintiff, including "We don't need no n____s like you." This time, the co-worker threw a rack at Plaintiff.

11. Plaintiff again reported the racial harassment to his manager. The manager, Mr. Berezni, said, "ok, Michael, I know, I'll take care of it." But once again, Plaintiff never heard from Human Resources, and Plaintiff saw no discipline whatsoever to the white co-worker.

12. On or about September 19, 2011, Plaintiff was taken to the Human Resources office. He believed the racial discrimination was *finally* going to be addressed. But to his surprise, the Human Resources officer accused Plaintiff of "stealing time," and then terminated his employment.

13. Defendant did terminated Plaintiff, in whole or substantial motivating part, or due to a mixed motive, due to his race.

14. Plaintiff seeks all damages to include all lost wages (back pay and, if applicable, front pay or reinstatement), compensatory damages for the emotional experience of being fired under these circumstances (worry, anger, frustration, financial distress, and humiliation which Plaintiff has suffered), and punitive damages (under §1981 and Title VII) for Defendant's reckless indifference to the law. Plaintiff seeks his attorneys fees and costs.

## IV.
## CAUSES OF ACTION

15. The foregoing facts are incorporated.

16. Plaintiff brings the following causes of action against the Defendant:

    a. 42 U.S.C. §1981: Hostile Work Environment, and Retaliation;

    b. Title VII: Hostile Work Environment, and Retaliation

    c. Tennessee Human Rights Act: Hostile Work Environment, and

>  Retaliation.

17. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory damages available, any other equitable relief, permanent injunctive relief, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which he may be entitled.

>  Respectfully submitted,
>
>  GILBERT RUSSELL McWHERTER PLC
>
>  /s/ Justin S. Gilbert
>  JUSTIN S. GILBERT (017079)
>  JONATHAN BOBBITT (23515)
>  JESSICA SALONUS (28158)
>  101 North Highland
>  Jackson, Tennessee 38301
>  (731) 664-1340
>  (731) 664-1540 (Facsimile)
>
>  *ATTORNEYS FOR PLAINTIFF*